STANDARD ACC. INS. CO. OF DETROIT
v. HOME INDEMNITY CO. OF
NEW YORK et al.

No. 5729.

District Court, S. D. California,
Central Division.

Oct. 15, 1946.

Nourse & Jones, of Los Angeles, Cal., for plaintiff.

Thomas P. Menzies and Harold L. Watt, both of Los Angeles, Cal. for defendant Home Indemnity Co. of New York.

J. P. T. O'CONNOR, District Judge.

The plaintiff filed its complaint for declaratory relief in this court on September 4, 1946, and on September 6, 1946, filed its proposed "Interrogatories to Defendant" under Rule 33, R.C.P., 28 U.S.C.A. following section 723c.

The answer of the Home Indemnity Company of New York was filed on September 24, 1946; thus, the proposed interrogatories were filed prior to the filing of the answer by the defendant corporation. The defendant corporation objects to answering the interrogatories before answer has been served except by leave of court. The objection is good. Musher Foundation, Inc., v. Alba Trading Co., Inc., 1941, D.C.,S.D.N.Y., 42 F.Supp. 281. Judge Rulbert sustained a similar motion without prejudice to renew after issue joined. Stewart-Warner Corp. v. Staley, D.C., 2 F.R.D. 199, Sheldon v. Great Lakes Transit Corp., D.C., 2 F.R.D. 272. Judge Knight held in the Sheldon case that if interrogatories were served prior to answer, leave of court must be obtained. 2 Moore's Federal Practice, 2621.

In the action pending in this court, sixty-six interrogatories were propounded, contained in eleven pages. A number of the interrogatories were answered when the answer was filed, obviating the necessity for passing upon these questions. Several of the interrogatories are repetitious, while others request hearsay information, and others border on what is known as a fishing expedition.

The wisdom of the rule to deny interrogatories prior to issue joined, without leave of court, is exemplified in this action. Why should the court take up its time in examining carefully the proposed interrogatories which are answered later when the answer is filed? To encourage such a practice would delay the work of the court and would establish a bad practice.

While Rule 33, R.C.P., provides: "No party may, without leave of court, serve more than one set of interrogatories to be answered by the same party", the court, to avoid unnecessary effort and time expenditure on the part of counsel, will permit interrogatories to be filed by plaintiff in accordance with this opinion.

It is so ordered.