**PREAS v. PHEBUS et al.**

**No. 4339.**

United States Court of Appeals
Tenth Circuit.

Feb. 26, 1952.

Rehearing Denied March 24, 1952.

D. A. Skeen, Salt Lake City, Utah (Wood R. Worsley, Salt Lake City, Utah, on the brief), for appellant.

Edward F. Richards, Salt Lake City, Utah (Harley W. Gustin, Salt Lake City, Utah, Carvel Mattsson, Richfield, Utah, and Oliver W. Steadman, Cody, Wyo., on the brief), for appellees.

Before BRATTON, HUXMAN and MURRAH, United States Circuit Judges.

HUXMAN, Circuit Judge.

W. N. Preas instituted this action in the State Court of Utah May 16, 1950, against Ray Phebus, Paul Stock, Joe T. Juhan, Weber Oil Company and Equity Oil Company. Plaintiff, Preas, and defendant, Equity Oil Company, are both citizens of

the State of Utah. All the remaining defendants are citizens of states other than Utah.

The complaint alleged that Preas was the owner of a particular 1/3 of 1% with an additional 2/3 of 1% of the value of all oil produced from certain real estate, described in the complaint; that beginning in 1948 oil in which plaintiff had an interest was, in an amount unknown to him, produced and sold from the premises by defendant, Equity Oil Company, herein called Equity; that all the defendants claimed an interest in this oil. Preas prayed for an accounting against Equity as to the oil which he claimed had been wrongfully converted and that his title be quieted to the interest in question against all of the other defendants.

By June 20, 1950, all the defendants had been served with summons. On June 8, 1950, defendant, Ray Phebus, filed an answer in the case. On June 8, 1950, defendant, Equity Oil Company served interrogatories on Preas. Answers to these interrogatories were served on Equity September 2, 1950, and on September 20, 1950, Phebus, Stock, Juhan and Weber Oil Company served notice of the filing of the petition of removal to the Federal court. After the removal of the case to the Federal court a timely motion to remand was filed. This was overruled and the cause was tried on the merits to the court. Judgment was entered for defendants and this appeal followed.

On appeal, it is contended that the trial court erred in refusing to remand and also that its judgment on the merits is erroneous. It is conceded that the complaint in the state court on its face showed a joint cause of action against all defendants and that based on the allegations thereof the cause was not removable. But the contention is made that, when the complaint is considered together with the answers to the interrogatories, it clearly appears that Equity had no interest in the controversy; that it was a mere nominal party and not a proper or necessary party to the action. From this it is argued that since interrogatories made this apparent the

cause was removable by the non-resident defendants. With this we cannot agree.

 In view of the conclusions we have reached with respect to whether the complaint, even when considered together with the interrogatories, stated a separate and independent cause of action against the defendants, other than Equity, it is not necessary to explore or to decide whether interrogatories may be employed, as attempted here, to establish removability. It has been held consistently that removability is determined from a consideration of the complaint alone. This principle has been restated by the Supreme Court in the late case of American Fire & Casualty Co. v. Finn, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702, where the court said: "In making this determination we look to the plaintiff's pleading, which controls." Of course, if there is bad faith or collusion in joining a resident defendant for the sole purpose of preventing removal, that may be shown by any means available. That was the case in Pueblo Trading Co. v. Reclamation Dist. No. 1500, D.C., 4 F.R.D. 471, and Frederick Hart & Co. v. Recordgraph Corporation, D.C., 7 F.R.D. 43, relied upon by appellees, where interrogatories were employed. But here no contention of collusion or bad faith is or could, under the facts revealed, be made. 28 U.S.C.A. § 1441(c) provides that "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

It is not necessary to set out in detail the underlying facts upon which appellant relied to establish his claim. It is sufficient to say that he originally assigned the interest in question to appellees, Stock and Phebus, in an instrument in which they agreed to cause a well to be drilled by a designated agent and, upon failure on their part so to do, to reconvey the royalty interest to appellant. The well was not

drilled, according to the terms of the contract. Instead of reconveying the interest, it passed by mesne conveyance from Stock and Phebus to Equity, which in turn assigned it to all the remaining appellees under an operating agreement, by which Equity undertook to operate the leasehold estate for them.

Appellant's cause of action is based upon the contention that failure to strictly comply with the terms of the contract voided the assignment and ipso facto reinvested him with the title to the interest described therein.

The long and short of appellant's claim against all of the defendants, including Equity, is that he claims to be the owner of this interest and entitled to receive the oil runs therefrom. This is a claim, he asserts, against all of the appellees. Basically, there is only one wrong and only one invasion. The wrong complained of is that all of the appellees are depriving him of the possession of his property and the right to receive the oil therefrom.

■ True, in the prayer he prays for one form of relief against Equity and another against the remaining appellees. He asks for an accounting against Equity and that his title be quieted against the remaining appellants. But the prayer forms no part of the cause of action.[1] One is entitled to the relief made out by the allegations of the complaint. What appellee seeks is the establishment and recognition of his ownership and the possession of his property and an accounting of what he asserts has wrongfully been taken from him. If he is right in his contentions, he is entitled to this relief against all of the appellees.

■ Appellant argues that it is apparent from the pleadings and the interrogatories that Equity has no interest in the royalty and could not reconvey, release, or relinquish the same and that the other appellees have no control over accumulated royalties or royalties to accumulate in the future; that all such control is in Equity and that, therefore, the court could not render judgment against appellees other than Equity for the recovery of such royalties. But appellant is not seeking a reconveyance of the royalty interest. He contends that the title thereto is now in him. His complaint is that the wrongful conduct of all appellees is depriving him of the enjoyment of that which now is his. A further contention is that "Equity Oil Company is not wrongfully taking and holding possession of a royalty interest. Equity is in possession of a mineral leasehold estate over which appellant has no control, with the obligation to pay the royalty to the record owner"—the other appellees. This is in effect saying that Equity is in possession and taking the oil runs as agent for its principal, the remaining appellees, and holding the oil for them. If they are wrong-doers, Equity, as their agent, is equally guilty with them and accountable together with them to appellant.[2] But in addition, Equity does claim an interest in the oil runs under the operating agreement with the other appellees. Thereunder, it has the right to use oil for fuel purposes. It also has a lien on all oil runs for sums due it from the remaining appellees for operating the property. The whole matter can be summed up in this brief statement —there is but a single wrong. It consists of the acts of all of the appellees in depriving appellant of what he asserts is now his—a wrong in which all appellees are participating in various degrees. There is, therefore, but a single cause of action.[3]

Since the conclusion we have reached on this issue is determinative of the appeal,

1. See Fed.Rules Civ.Proc. rule 54(c), 28 U.S.C.A.; Schoonover v. Schoonover, 10 Cir., 172 F.2d 526.

2. First Nat. Bank of Blairstown v. Goldberg, 340 Pa. 337, 17 A.2d 377; Weinberg v. Dayton Storage Co., 50 Cal. App.2d 750, 124 P.2d 155; Ping v. Kershaw, 89 Okl. 43, 213 P. 840; Barnhart v. Ford, 37 Kan. 520, 15 P. 542.

3. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702; Willoughby v. Sinclair Oil & Gas Co., 10 Cir., 188 F.2d 902; Snow v. Powell, 10 Cir., 189 F.2d 172; Donahue v. Warner Bros. Pictures, 10 Cir., 194 F.2d 6.

it is not necessary to consider appellant's contention with respect to the merits.

The judgment appealed from is, therefore, reversed. The cause is remanded with directions to remand the cause to the state court.