Richard G. BARTOW, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., Defendants.

No. 81–0569–CV–W–5.

United States District Court, W. D. Missouri, W. D.

Oct. 21, 1981.

George A. Tyree, Cochran, Tyree, Oswald, Barton, McDonald & Trout, P. C., Blue Springs, Mo., for plaintiff.

James D. Larsen, Deacy & Deacy, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

SCOTT O. WRIGHT, District Judge.

In this cause, the plaintiff alleges that the three defendants, through their employment relationship with him, are guilty of misrepresentation, breach of contract and violations under the Missouri Service Letter statute. Though originally commenced in the Jackson County Circuit Court of Kansas City, Missouri, the defendants have jointly petitioned for removal to this Court in accordance with 28 U.S.C. § 1441(c) and 28 U.S.C. § 1332. The plaintiff opposes removal and moves this Court to remand this cause to state court. For the reasons which follow, the plaintiff's motion to remand is granted.

### I

The plaintiff is an individual who resides in Missouri. The two individual defendants, Nolen and Larsen, are also Missouri residents. Only State Farm, the corporate defendant, is of diverse citizenship with respect to all other parties. On account of State Farm's diverse citizenship, the defendants have petitioned for removal under 28 U.S.C. § 1441(c) on the grounds that the service letter claim may only be instituted against the diverse corporate defendant and that the service letter claim is "separate and independent" from the misrepresentation and breach of contract claims. The federal removal statute provides:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c). Both sides agree that the misrepresentation and breach of contract claims are non-removable because complete diversity of citizenship does not exist between the plaintiff and the two individual defendants. Therefore, in order for this cause to be removable, Section 1441(c) mandates that complete diversity exists with respect to the service letter claim and that the service letter claim be "separate and independent" from the misrepresentation and breach of contract claims.

### A. *Complete Diversity*

Initially, this Court must determine whether complete diversity exists with respect to the service letter claim. 28 U.S.C. § 1441(c). In making this determination, the Court looks to all of the plaintiff's pleadings. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951); *accord, Evangelical Lutheran Church v. Stanolind Oil & Gas Co.*, 251 F.2d 412, 414–15 (8th Cir. 1958). The plaintiff's pleadings, however, are ambiguous and require harmonization in a light favorable to him. Count III of plaintiff's complaint alleges, in part, that the corporate defendant terminated the plaintiff and that the plaintiff submitted a written request to the Agency Director of State Farm for a service letter. The plaintiff alleges that the service letter is defective. In his complaint, he did not allege that individual defendants Nolen or Larsen were responsible for the allegedly defective service letter. In addition, the plaintiff has not joined the Agency Director, Charles St. John, as a defendant in this action. However, in paragraph 9 of his Third Count, the plaintiff alleges that all of the defendants are responsible for the purported "malicious actions" surrounding the allegedly defective service letter. Thus, on the face of the complaint, it is unclear whether the plaintiff intended to implicate defendants Nolen and Larsen in the service letter count.

The plaintiff's position is clarified, to some extent, in his answer to the defendant's joint petition for removal. In Para-

**22**

graph 7 of his answer, the plaintiff states that removal of the service letter claim is improper because complete diversity of citizenship does not exist between the parties. The Court, therefore, presumes that the plaintiff intends to hold the defendants Nolen and Larsen responsible for the allegedly defective service letter.

The Missouri Service Letter statute provides:

> Whenever any employee of any corporation doing business in this state shall be discharged or voluntarily quit the service of such corporation, *it shall be the duty of the superintendent or manager of said corporation,* upon the written request of such employee to him, if such employee shall have been in the service of said corporation for a period of at least ninety days, *to issue to such employee a letter,* duly signed by such superintendent or manager, setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee has quit such service; and if any such superintendent or manager shall fail or refuse to issue such letter to such employee when so requested by such employee, such superintendent or manager shall be deemed guilty of a misdemeanor, and shall be punished by a fine in any sum not exceeding five hundred dollars, or by imprisonment in the county jail for a period not exceeding one year, or by both such fine and imprisonment.

Section 290.140, RSMo (1978) (Emphasis added). The defendants contend that the statute cannot be construed in a way that burdens Nolen and Larsen with a duty to provide a service letter. The defendants are correct. The duty imposed by the service letter statute is the duty of the corporation. *State ex rel. Terminal R. R. Ass'n of St. Louis v. Hughes,* 350 Mo. 869, 169 S.W.2d 328 (1943); *Brink's, Inc. v. Hoyt,* 179 F.2d 355 (8th Cir. 1950). A manager or superintendent of the corporation is not liable in his individual capacity for damages for refusal to issue a service letter. *Id.* Consequently, the plaintiff has improperly

joined defendants Nolen and Larsen in Count III of his complaint. Because the corporate defendant is the only proper party with respect to the service letter claim, diversity of citizenship exists with respect to that claim. The defendants have, therefore, satisfied the complete diversity test posed by Section 1441(c).

B. *Service Letter Claim is not Separate and Independent*

Even though complete diversity exists with respect to the service letter claim, this cause is not removable because the service letter claim is not separate and independent from the misrepresentation and breach of contract claims within the meaning of 28 U.S.C. § 1441(c). The leading construction of Section 1441(c) is found in *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In *Finn,* the Supreme Court had occasion to consider the right of removability under Section 1441(c) and the meaning of "separate and independent" as intended by Congress in its 1948 revision of the Judicial Code. The Court found that the section was intended to limit the right of removal of actions from state courts. *Finn, supra,* 341 U.S. at 12, 71 S.Ct. at 539. In giving effect to the Congressional intent, the Court ruled that in light of the word "independent" contained in Section 1441(c), "that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)," *Finn, supra,* 341 U.S. at 14, 71 S.Ct. at 540, giving rise to a right of removal. The Circuit Court of Appeals for the Tenth Circuit has ventured an expanded and lucid definition of "separate and independent" stating that "[T]he word 'separate' means distinct; apart from; not united or associated" and that "[T]he word 'independent' means not resting on something else for support; self-sustaining; not contingent or conditioned." *Snow v. Powell,* 189 F.2d 172, 174 (10th Cir. 1951); *accord, Henry Kraft Mercantile Co. v. Hartford Accident & Indemnity Co.,* 107 F.Supp. 505, 507 (W.D.Mo.1952).

Though these authorities attempt to give substance to the concept of "separate and independent," the concept means many things to many courts. *See, e.g., Wright, Miller & Cooper*, Federal Practice and Procedure § 3724 nn. 37–46 (1976 & Supp. 1981). On the surface, the three claims asserted by the plaintiff appear to arise from the same series of "interlocked" transactions. *See, Finn, supra*, 343 U.S. at 14, 71 S.Ct. at 540. Each claim evolves out of plaintiff's unsuccessful employment relationship with the three defendants. The first count of plaintiff's complaint alleges that he was misled by the defendants with respect to a trainee-agent contract. The second count alleges that the defendants breached the trainee-agent contract, while the final count alleges that the plaintiff was given a defective service letter when his status as a trainee-agent was terminated by the defendants. The concept of "separate and independent" becomes less amorphous in this case, however, when viewed in light of the body of authority which has attempted to fashion principled reasons for denying or granting removal under Section 1441(c). *See, generally, Wright, Miller & Cooper, supra*, at § 3724. In its exhaustive review of that authority, the Court finds the *Preas v. Phebus*, 195 F.2d 61 (10th Cir. 1952) case to substantially reflect the problems presented by the case at bar.

In *Preas*, the plaintiff, a citizen of Utah, brought an action in a state court of Utah against Ray Phebus, Paul Stock, Joe Juhan and Weber Oil Company, all of whom were citizens of states other than Utah, and against Equity Oil Company which was a citizen of Utah. The action against the four diverse citizens was brought to quiet title, while the action against Equity was for an accounting. The Court held that only one cause of action was stated and that the cause could not be removed to federal court because the quiet title claim against the four diverse defendants was not separate and independent from the claim for an accounting. *Id.* Since all of the defendants were depriving the plaintiff of the possession of his property and the right to receive the oil extracted from the land,

the court characterized the claims as a single wrong. *Id.* at 63. According to the court, there was "but a single wrong; a wrong in which all [defendants] are participating in various degrees." *Id.* The types of claims prosecuted in *Preas* are substantially analogous to the type of claims pressed here by the plaintiff. The single wrong here might be characterized as an alleged mishandling of an employment relationship in which all three of the defendants participated in varying degrees. The service letter claim, like the accounting claim in *Preas*, is certainly incident to and does evolve out of the same series of interlocked transactions which gave rise to the misrepresentation and breach of contract claims.

Though the Eighth Circuit has astutely criticized parts of the *Preas* opinion, the parts criticized do not affect the Tenth Circuit's application of the concept of "separate and independent." *Evangelical Lutheran Church v. Stanolind Oil & Gas Co.*, 251 F.2d 412, 41415 (8th Cir. 1958) (determination of removal not limited to allegations made in complaint). The reasoning with respect to the concept of "separate and independent" claims in *Stanolind* is readily distinguishable from the case at bar. In *Stanolind*, the plaintiff commenced a quiet title action against a series of defendants. After the plaintiff filed a reply to two of the defendants' pleadings, it became apparent that those two defendants did, in fact, have an interest in the land which was the object of the controversy and that, as a consequence, the plaintiff was merely seeking the construction of the contract with respect to them. *Id.* at 415. Since the contract could be construed without the presence of the other non-interested named defendants, the case was removable under Section 1441(c). *Id.* Unlike the circumstances in *Stanolind*, the plaintiff's subsequent pleadings in the case at bar have not made it apparent to this Court that defendants Nolen and Larsen lack responsibility for the allegedly defective service letter. Those subsequent pleadings indicate that the opposite is true. In addition, the allega-

**24**

tion with respect to the service letter claim as it presently stands cannot be adjudicated without the presence of the non-diverse defendants Nolen and Larsen.

It cannot be gainsaid that the task of applying the concept of "separate and independent" is a lubricious one. The claims pleaded in this cause are indicative of a very close case. Where the body of legal authority which has applied the concept of "separate and independent" to many different sets of claims appears to place the set of claims in the case at bar at a point equidistant between cases counseling removal and remand, this Court must, in light of the policy of limited removal, strike the balance in favor of remand. *See, Finn, supra*, 341 U.S. at 12, 71 S.Ct. at 539; *Young Spring & Wire Co. v. American Guarantee & Liability Ins. Co.*, 220 F.Supp. 222 (W.D.Mo.1963). Therefore, this Court concludes that the service letter claim is not "separate and independent" from the misrepresentation and breach of contract claims.

### II.

Even though complete diversity does exist with respect to the service letter claim, the service letter claim is not separate and independent from the misrepresentation and breach of contract claims. The cause has been improperly removed under Section 1441(c) and the plaintiff's motion to remand should be granted. Accordingly, it is hereby

ORDERED that this cause be remanded to the Circuit Court of Jackson County, Missouri. It is further

ORDERED that the defendants bear the costs incurred in the proceedings before this Court.