**TOYOTA OF FLORENCE, INC., Plaintiff,**

v.

**Danny Ray LYNCH; JM Family Enterprises, Inc.; Southeast Toyota Distributors, Inc.; Tender Loving Care Corp.; World Omni Financial Corp.; World Omni Leasing, Inc.; Joyserv Co., Ltd.; Carnett–Partsnett Systems, Inc.; Toyoguard, Inc.; James D. Moran; John Joseph McNally; Terry Moore; William M. Donohoe; Orville Vernon; Al Hendrickson; Robert MacGregor; Dennis Puskarik; Tom Nardelli; and Toyota Motor Sales, U.S.A., Inc., Defendants.**

**Richard L. BEASLEY, Plaintiff,**

v.

**Danny Ray LYNCH; JM Family Enterprises, Inc.; Southeast Toyota Distributors, Inc.; Tender Loving Care Corp.; World Omni Financial Corp.; World Omni Leasing, Inc.; Joyserv Co., Ltd.; Carnett–Partsnett Systems, Inc.; Toyoguard, Inc.; James D. Moran; John Joseph McNally; Terry Moore; William M. Donohoe; Orville Vernon; Al Hendrickson; Robert MacGregor; Dennis Puskarik; Tom Nardelli and Toyota Motor Sales, U.S.A., Inc., Defendants.**

Civ. A. Nos. 4:89–594–15, 4:89–595–15.

United States District Court,
D. South Carolina,
Florence Division.

May 24, 1989.

D. Kenneth Baker, Baker & Jackson, Darlington, S.C., for plaintiffs.

Hardwick Stuart, Jr., Adams Quackenbush Herring & Stuart, Columbia, S.C., Raymond W. Bergan, Daniel F. Katz, Elena Kagan, Williams & Connolly, Washington, D.C., for JM Family defendants.

Stephen G. Morrison, Nina Nelson Smith, David E. Dukes, James M. Griffin, Nelson, Mullins, Riley & Scarborough, Columbia, S.C., for defendant, Toyota Motor Sales, U.S.A., Inc.

## CONSOLIDATED ORDER

HAMILTON, District Judge.

These cases arise out of an allegedly fraudulent and deceptive scheme designed to ruin plaintiffs financially. Both actions were originally brought in the Court of Common Pleas for Darlington County and were subsequently removed to this court under 28 U.S.C. § 1441(b) and (c) on March 13, 1989.[1] Toyota of Florence (TOF), plain-

---

**1.** All of the defendants joined in the petition for removal except Danny Ray Lynch and Toyota Motor Sales, U.S.A., Inc. (TMS). These remain-

ing defendants are collectively referred to by counsel as the "JM Family defendants"—apparently due to the interlocking nature of these

tiff in Civil Action No. 4:89–594–15, and Richard L. Beasley (Beasley), plaintiff in Civil Action No. 4:89–595–15, both filed motions to remand on March 23, 1989.[2]

Plaintiffs allege seven (7) causes of action in their complaint against nineteen (19) corporate and individual defendants. Claims one through five are directed against all defendants and include common law and statutory causes of action, including: fraud, the Racketeer Influenced and Corrupt Organizations Act (RICO), civil conspiracy, the South Carolina Dealer's Day in Court Act, and the South Carolina Unfair Trade Practices Act. Claims six and seven, alleging breach of contract and breach of contract accompanied by fraudulent acts, are directed solely against defendant Southeast Toyota Distributors, Inc. (SET).[3]

Plaintiffs contend that removal of these entire actions is not appropriate under either § 1441(c) or (b). First, plaintiffs contend that the RICO claim does not vest this court with jurisdiction to the exclusion of the state court.[4] Plaintiffs also assert that removal under § 1441(b) is improper because defendants Toyota Motor Sales, U.S.A., Inc. (TMS) and Danny Ray Lynch (Lynch) did not join in the removal petition. Plaintiffs also argue that this court should remand all claims pursuant to § 1441(c)

except claims six and seven, which they purportedly concede are "separate and independent" for purposes of that statute. Additionally, plaintiffs would have this court stay proceedings involving claims six and seven while the remaining claims are adjudicated in the state court.[5]

The JM Family defendants argue, however, that removal under § 1441(c) is proper because the plaintiffs "concede" that the claims asserted against SET are separate and independent and thus that this court should retain jurisdiction of all claims in these cases due to "[t]he close ties between SET and the other JM Family defendants" to prevent "massive waste of judicial resources, duplication of effort, and inconvenience to the parties and witnesses...." These defendants further assert that the propriety of removal under § 1441(b) need not be addressed because removal under § 1441(c) is proper.

It is well settled, however, that federal jurisdiction cannot be conferred by mere concession of a litigant or even by mutual agreement of the parties where jurisdiction is otherwise improper. Rather, the Supreme Court has consistently instructed lower federal courts to carefully guard "against expansion [of federal jurisdiction] by judicial interpretation or by ...

corporations and the fact that the remaining individual defendants are employed by one or more of these entities.

**2.** Aside from minor differences not relevant to the court's disposition of these motions, both complaints are virtually identical. Because of this similarity, both complaints will hereafter be referred to as "the complaint."

**3.** Plaintiffs TOF and Richard L. Beasley are both domiciled in South Carolina. Defendant Danny Ray Lynch is also domiciled in South Carolina. The remaining defendants are domiciled outside the state of South Carolina. Consequently, complete diversity does not exist for purposes of 28 U.S.C. § 1332. Nevertheless, claims six and seven in plaintiffs' complaint are directed solely against a completely diverse defendant, SET. This minimal diversity between plaintiffs and SET establishes the jurisdictional prerequisite necessary for removal of separate and independent claims or causes of action pursuant to § 1441(c).

**4.** Of course, this assertion can be summarily dismissed. Although concurrent jurisdiction ex-

ists for state courts to entertain RICO claims, *Brandenburg v. Seidel,* 859 F.2d 1179, 1195 (4th Cir.1988), it is clear that a properly removed action would vest this court with jurisdiction to the exclusion of the state court except in extraordinary circumstances not present here.

**5.** In Civil Action No. 4:89–0595–15 plaintiff also argues that removal is improper because the petition does not identify Richard Beasley by name or citizenship and thus is deficient under the terms of 28 U.S.C. § 1446(a) for failure to state facts entitling defendants to remove. A technical defect of this nature might be corrected, as defendants note, by leave to amend the removal petition. *Kinney v. Columbia Savings & Loan Ass'n,* 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103 (1903); *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.,* 608 F.2d 145, 146–47 (5th Cir. 1979), *cert. denied,* 449 U.S. 830, 101 S.Ct. 97, 66 L.Ed.2d 35 (1980). Because a more fundamental defect in both actions constrains this court to grant the respective motions to remand, a definitive ruling on this matter is not necessary.

consent of [the] parties." *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17–18, 71 S.Ct. 534, 541–542, 95 L.Ed. 702 (1951). Accord *Owen Equipment & Erection Company v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978). This circuit recently reaffirmed the duty of a federal court to evaluate its jurisdiction *sua sponte* in *Davis v. Pak*, 856 F.2d 648 (4th Cir.1988). As stated by the court: "it is always incumbent upon a federal court to evaluate its jurisdiction *sua sponte*, to ensure that it does not decide controversies beyond its authority." *Id.* at 650. *See* Rule 12(h)(3), Fed.R.Civ.Proc. Consequently, the mere fact that plaintiff may think claims six and seven are separate and independent from the remaining claims does not preclude this court from evaluating this jurisdictional prerequisite to removal under § 1441(c) as the JM Family defendants seem to imply.

The duty of a federal district court to assess its jurisdiction *sua sponte* is critical because the statutory right of removal "exists only in certain enumerated classes of actions, and in order to exercise the right of removal, it is essential that the case be shown to be one within one of those classes." *Hinks v. Associated Press*, 704 F.Supp. 638, 639 (D.S.C.1988) (quoting *Voors v. National Women's Health Organization, Inc.*, 611 F.Supp. 203, 205 (N.D. Ind.1985)); *Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 151, 34 S.Ct. 278, 279, 58 L.Ed. 544 (1914). The removing party bears the burden of establishing its right to a federal forum. *P.P. Farmers' Elevator Co. v. Farmers Elevator Mutual Ins. Co.*, 395 F.2d 546, 548 (5th Cir. 1968); *American Buildings Co. v. Varicon, Inc.*, 616 F.Supp. 641, 643 (D.Mass. 1985). This court's reading of the removal statutes must also "reflect the clear congressional intention to restrict removal." *Able v. Upjohn Co., Inc.*, 829 F.2d 1330, 1332 (4th Cir.1987), *cert. denied*, — U.S. ——, 108 S.Ct. 1229, 99 L.Ed.2d 429 (1988);

*McKay v. Boyd Construction Co., Inc.*, 769 F.2d 1084, 1087 (5th Cir.1985); *Ontiveros v. Anderson*, 635 F.Supp. 216, 220 (N.D.Ill.1986). Indeed, this congressional intention has uniformly led courts to resolve doubts about the propriety of removal in favor of retained state court jurisdiction. *Able*, 829 F.2d at 1332; *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir.1976); *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir.), *cert. denied*, 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 262 (1957); *Adams v. Aero Services International, Inc.*, 657 F.Supp. 519, 521 (E.D.Va.1987).[6] Perhaps most important, although state law may be relevant in determining the nature of the claims to which the federal test is applied, it is well established that removability under § 1441 is ultimately a federal law determination. *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 706, 92 S.Ct. 1344, 1349, 31 L.Ed.2d 612 (1972); *Able*, 829 F.2d at 1333 n. 2; 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3724, at 396–97.

The removability determination is conducted solely by reference to plaintiff's course of pleading, subject to certain exceptions not asserted by any party to these actions. *Finn*, 341 U.S. at 14, 71 S.Ct. at 540; *Paxton v. Weaver*, 553 F.2d 936, 938 (5th Cir.1977) (plaintiff's state court pleading controls removability); *Union Planters National Bank of Memphis v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir.1977); *Her Majesty Industries, Inc. v. Liberty Mutual Insurance Co.*, 379 F.Supp. 658, 662 (D.S.C. 1974). Importantly, the court must also refrain from determining the merits of a claim upon a motion to remand. 29 *Federal Procedure, Lawyers Edition* § 69:115, at 589 (1984). In light of these firmly established principles, this court must evaluate the propriety of removal by the JM Family defendants under § 1441(c), or, alternatively, pursuant to § 1441(b). Be-

---

**6.** Several important policy considerations support this approach, including (1) due regard for the rightful independence of state governments, *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); (2) ensuring that judgments obtained in

a federal forum are not vacated on appeal due to improvident removal, *see Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); and (3) deference to plaintiff's chosen forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

cause the court has determined that these cases were removed improvidently and without jurisdiction, it is constrained to remand both cases to state court. 28 U.S.C. § 1447(c).

The primary thrust of plaintiffs' complaint asserts that the JM Family corporate and individual defendants [7] "conspired, combined and concurred with the Defendant Danny Ray Lynch to induce [TOF and Beasley] to invest in Toyota of Florence, Inc. and, with Lynch, to purchase or agree to purchase the Cherokee Toyota Dealership, to pay large sums of money to Cherokee Toyota and Jordan [apparently the former owner of Cherokee Toyota] for the purchase, to commit to guarantees of future payment of even larger sums, and to undergo large financial losses as a result thereof." Complaint, para. 33. Obviously, various representations were made to plaintiff Beasley by representatives of the various JM Family defendants, and, in addition, Beasley and SET executed the Toyota Dealership Agreement as an integral part of these arrangements.[8] Interestingly, the main thrust of plaintiffs' factual allegations in the complaint are found within the fraud claim. According to the complaint, plaintiff Beasley was "coaxed and encouraged to actively solicit purchase of the Jordan interests" through various representations and misrepresentations by the defendants. Complaint, para. 37–44. Paragraph 39(h) alleges that "SET violated its fiduciary and *contractual* obligation to assist with competent management and assistance...." (emphasis added). Indeed, plaintiffs' sixth claim for relief, breach of contract, alleges that defendant SET breached the dealer agreement "as set forth in Paragraph 39, causing the Plaintiff to be damaged as set forth in Paragraph 44." Paragraphs 39 and 44, of course, are alleged as part of plaintiffs' fraud claim. The same pattern is followed for plaintiffs' seventh claim for relief, wherein plaintiffs merely assert that "[t]he deceitful and fraudulent acts accompanying its breach of contract" give rise to relief for breach of contract accompanied by fraudulent acts. Thus, the complaint alleges that the same facts giving rise to the fraud claim also give rise to the claims asserted only against SET. Accordingly, the propriety of removal under 28 U.S.C. § 1441(c), or, alternatively, § 1441(b), must be examined in light of plaintiffs' allegations in the complaint.

### Removal of "separate and independent" claim under § 1441(c)

The JM Family defendants first contend that removal is appropriate under 28 U.S.C. § 1441(c). That statute provides:

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

The Supreme Court has instructed lower federal courts to apply a restrictive interpretation of "separate and independent claim or cause of action" for purposes of removal jurisdiction under § 1441(c). *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). According to the *Finn* Court, there is no separate and independent claim or cause of action under § 1441(c) where the

---

7. The JM Family defendants include all defendants except Lynch and TMS. According to the complaint, all of the corporate JM Family defendants were founded by individual defendant James M. Moran. The complaint also alleges that Moran currently serves as the major stockholder and Chairman of the Board of Directors of JM Family, a holding company for numerous wholly owned subsidiaries including defendants SET, Tender Loving Care Corp., and World Omni Leasing. In addition, the complaint alleges that JM Family owns ninety-five (95%) percent of the defendant World Omni Financial

Corp. Moran also serves as Chairman of the Board of Directors of SET. The complaint further asserts that SET is the parent company of the defendants Joyserv Co., LTD. and Carnett-Partsnett Systems, Inc. Complaint, paras. 3, 4, and 11.

8. According to the complaint, all of the individual defendants except Lynch are employed by JM Family or one or more of its subsidiaries. Complaint, paras. 11–20.

relief sought arises "from an interlocked series of transactions," referred to as the "single wrong" test, or where the allegations against a defendant not entitled to 1441(c) removal "involve substantially the same facts and transactions as do the allegations...." against the party alleging a right to removal under that provision. *Id.* at 14, 16, 71 S.Ct. at 540–41.

Several important considerations presumably led the *Finn* Court to adopt a restrictive view of 1441(c) removal. As an initial matter, the Court concluded that Congress had intended to restrict the availability of removal through enactment of § 1441(c). Comparing the operative terms of § 1441(c) with the terminology of its predecessor, old 28 U.S.C. § 71, the Court stated:

> The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal.

341 U.S. at 12, 71 S.Ct. at 539 (footnotes omitted). Perhaps most important, the Court recognized the inherent danger in adopting a relaxed test for removal under § 1441(c). Specifically, the *Finn* Court determined that allowing a federal trial court to render a judgment in a case improvidently removed from state court would work a "wrongful extension of federal jurisdiction and give district courts power the Congress has denied them." 341 U.S. at 18, 71 S.Ct. at 542. Indeed, the *Finn* Court itself was forced to vacate a lower court judgment which had been rendered improvidently and without jurisdiction. *Id.* at 17–19, 71 S.Ct. at 541–543.[9]

At least one commentator has suggested that removal is appropriate under the *Finn* interpretation of § 1441(c) only where a claim is "entirely unrelated" from the remaining causes of action. According to Wright & Miller:

> [m]ost commentators agree that few, if any, diversity cases can be properly removed under section 1441(c) in light of the construction placed on the statute by the *Finn* case....
>
> ....
>
> In only one situation could legitimate joinder under usual state joinder rules produce a claim or cause of action removable under *Finn*. Assume that a California plaintiff brings suit in a California state court and properly joins a California defendant and a Texas defendant. Plaintiff then adds an *entirely unrelated* claim against the Texas defendant....

C. Wright, A. Miller, & E. Cooper, *supra*, § 3724, at 367–69 (footnotes omitted) (emphasis added). Accordingly, it is clear that § 1441(c) removal is not appropriate where plaintiff's claims arise from the same series of transactions or occurrences or where substantially the same facts give rise to each claim. Indeed, according to the treatise, only "entirely unrelated" claims are removable under that provision.

Although the precise scope of removal under § 1441(c) is somewhat uncertain, several guiding principles have evolved to assist in the determination. First, the mere fact that plaintiffs have asserted multiple claims against multiple parties is not necessarily controlling to the § 1441(c) determination. *Able*, 829 F.2d at 1332; *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir.1969); *Addison v. Gulf Coast Contracting Services, Inc.*, 744 F.2d 494, 500 (5th Cir.1984). Specifically, "the assertion of contract and tort claims does not necessarily yield separate and independent causes of action." *Paxton v. Weaver*, 553 F.2d at 936, 941 (footnote omitted). Where all damages arise "from a single incident" or all claims involve "substantially the same facts," invasion of a single, primary right is indicated. *Addison*, 744 F.2d at 500.

*Mayflower Industries v. Thor Corp.*, 184 F.2d 537 (3d Cir.1950), *cert. denied*, 341 U.S. 903, 71 S.Ct. 610, 95 L.Ed. 1342 (1951) is instructive to the removability determi-

---

9. Ironically, this action by the Court accrued to the benefit of the party which had initially removed the case to federal court. Apparently due to the importance of preventing the improper assertion of federal jurisdiction, the Court refused to apply estoppel in this context.

nation in a commercial setting.[10] There, plaintiff alleged a breach of contract claim against a diverse defendant, Thor Corporation, and a conspiracy claim against both Thor and a nondiverse defendant, Teldisco Corporation. Defendant Thor, against whom the breach of contract action was asserted, removed the action to federal district court. Because diversity did not exist between the plaintiff and Teldisco, the issue before the court was whether the plaintiff–Thor controversy and the plaintiff–Teldisco controversy presented separate and independent claims or causes of action. Noting that the language of § 1441(c) was intended to restrict the right of removal, the court determined that the adjectives "separate *and* independent" were intended to convey "some meaning which would not have been apparent from the use of one adjective alone." 184 F.2d at 538. Emphasizing the nature of the business transactions which gave rise to the allegations in the complaint, the court found that the two claims were "at most but two aspects of a single economic injury." *Id.* at 539. The court also found that the facts allegedly giving rise to the breach of contract action likewise constituted the principal issue to proper resolution of the conspiracy claim. In fact, the court found "almost complete coincidence of the basic operative facts" between the two claims. 184 F.2d at 539. Finally, the court determined that removal of the action was not necessary in order to avoid the possibility of local prejudice against outsiders, which the court determined was the principal justification for diversity jurisdiction, due to the presence of a nondiverse defendant. *Id.*

▮ Likewise, plaintiffs have alleged a single economic injury arising from their relationship with the JM Family defendants and defendant Lynch, and have alleged the same operative facts to support their claims against all defendants (including SET) as those alleged to support causes of action for breach of contract and breach of contract accompanied by fraudulent acts against SET only. As in *Thor*, the plaintiffs here allege that the JM Family corporate and individual defendants "conspired" with defendant Lynch to cause TOF and Beasley financial harm. Complaint, para. 33. In addition, plaintiffs premise their claims for alleged breach of contract and breach of contract accompanied by fraudulent act on the same facts as alleged within the fraud claim for relief. Complaint, paras. 64, 66. Under the *Thor* court's analysis, therefore, it is clear that the two claims asserted against SET are not separate and independent within the meaning of § 1441(c).

More recent judicial pronouncements under § 1441(c) reinforce this conclusion. Indeed, the First Circuit has determined that the "single wrong" rule "should not be perceived as articulating an exhaustive test for applying § 1441(c)." *New England Concrete Pipe Corp. v. D/C Systems of New England, Inc.,* 658 F.2d 867, 874 n. 12 (1st Cir.1981). Regardless of how many "wrongs" comprise a particular action, the court determined that the inquiry should focus instead on whether "those wrongs arise from an interlocked series of transactions, that is, whether they substantially derive from the same facts." *Id.* To support its assertion, the court noted that the congressional intent to restrict removal would not be served by conferring federal jurisdiction where one of these alternate tests was met. *Id.*

Application of this more recent corollary of the *Finn* decision confirms that defendant SET has not carried its burden of establishing its right to removal under § 1441(c). As already stated, plaintiffs essentially allege that the JM Family defendants and defendant Lynch conspired to cause them economic harm. Perhaps even more important, all claims derive from substantially the same facts, and the dealership agreement executed between SET and plaintiffs, according to the allegations in the complaint, formed merely one event in

---

**10.** Interestingly, the Supreme Court denied certiorari in the *Thor* decision during the same term in which it issued the *Finn* opinion. Apparently, many of the ideas contained in the *Thor* decision found favor with members of the Court, and many of the same concepts are found in both opinions.

an interlocked series of transactions necessary to fraudulently entice plaintiffs into certain business relationships. Thus, it is clear that no right to removal exists in the present cases.[11]

Another case supporting remand of the present actions is *Union Planters National Bank of Memphis v. CBS, Inc.*, 557 F.2d 84 (6th Cir.1977). Plaintiff brought suit to collect on a defaulted note against the debtor and its affiliates. Plaintiff also sought recovery against a diverse defendant for alleged tortious conduct. Although the district court denied plaintiff's motion for remand, on grounds that plaintiff had attempted to combine two separate and independent causes of action in its complaint, the court of appeals reversed. The court of appeals concluded that the wrong asserted against the non-diverse defendant sounded in contract whereas the wrong asserted against the diverse defendant sounded in tort. Nevertheless, the court noted that plaintiff's use of separate counts to plead different legal theories did not automatically render them separate and independent. Rather, the court reasoned that removability must be determined by reference to the complaint as a whole. As stated by the court:

> [t]he fact that Union Planters utilized separate counts to plead different legal theories, one sounding in contract and the other in tort, does not automatically make them separate and independent. The complaint will be considered as a whole and the issue of removal determined on that basis.

*Id.* at 89. Significantly, the court also stated that the different measure of damages inherent in the contract and tort theories of recovery did not render the claims separate and independent. *Id.* at 90. Application of this test led the court to conclude that the removing party had not established its right to a federal forum due to the inter-

locked series of transactions allegedly giving rise to both claims. Hence, the court directed that the case be remanded to state court. *Id.*

Similarly, plaintiffs here allege fraud, civil conspiracy, and various statutory claims against all defendants and breach of contract and breach of contract accompanied by fraudulent acts against SET only. Considering the allegations of the complaint as a whole, it is clear that the same facts pleaded to support the fraud claim are merely realleged to support the claims asserted against defendant SET. Thus, it is clear that no right of removal exists in these cases. *See City of Morganton, West Virginia v. Kelly, Gidley, Blair & Wolfe, Inc.*, 637 F.Supp. 1153 (N.D.W.Va.1986); *Bartow v. State Farm Mutual Automobile Insurance Co.* 531 F.Supp. 20 (W.D. Mo.1981).

*Village Improvement Association of Doylestown, P.A. v. Dow Chemical Co.*, 655 F.Supp. 311 (E.D.Pa.1987) also rejects the JM Family defendants' attempt to remove these actions. In that case, thirty (30) counts were asserted against nine (9) separate defendants, including claims for misrepresentation, breach of contract, and RICO. Significantly, each defendant was involved to some degree in the design and construction of a hospital or with the manufacture of component parts thereof. Indeed, the entire action essentially revolved around the use of a certain chemical compound manufactured by defendant Dow. Concluding that the allegations supporting the purported separate and independent claim were, at least in part, identical to the allegations contained in plaintiff's other claims, the court granted plaintiff's motion to remand. In support of its decision, the court noted that all nine claims would demand proof of similar facts and that all claims allegedly arose from substantially

---

11. The *New England Concrete Pipe* court concluded that decisions which have emphasized the distinct legal basis of claims, while disregarding the relationship of the claims, constitute an erroneous interpretation of § 1441(c). See *Twentieth Century-Fox Film Corp. v. Taylor*, 239 F.Supp. 913 (S.D.N.Y.1965). In any event, the present facts are clearly distinguishable

from the rationale used to allow removal in *Twentieth Century-Fox*, where two separate contracts allegedly involving different "operative facts" were involved, *id.* at 917–18, since in the present cases the same facts that allegedly give rise to the breach of contract claim at issue also allegedly give rise to the other causes of action.

the same underlying facts and transactions. *Id.* at 317.

The present action revolves around the dealership agreement executed between plaintiffs and SET. In fact, the signing of this agreement was one step in a series of transactions which placed plaintiffs in a position to interact with all of the JM Family entities and TMS. Whereas the facts allegedly giving rise to a separate and independent claim in *Village Improvement Association* were at least partially identical to the allegations proffered to support the remaining claims, the facts allegedly supporting both claims against defendant SET are "identical" to the factual averments supporting the remaining claims. Hence, it is clear that removal is not appropriate on the present facts.[12]

### *Removal of RICO claim under § 1441(b)*

 The JM Family defendants also contend that removal is proper due to the presence of the RICO claim. Plaintiffs oppose removal on this basis, contending that removal is improper because all defendants did not properly join in the removal petition. This court agrees. It is well established that removal under § 1441(b) is improper where all defendants do not join in or consent to the removal petition. *Gableman v. Peoria, Decatur & Evansville Railway Co.,* 179 U.S. 335, 21 S.Ct. 171, 45 L.Ed. 220 (1900); *Perpetual Building & Loan Association v. Series Directors of Equitable Building & Loan Association Series Number 52,* 217 F.2d 1 (4th Cir. 1954), *cert. denied,* 349 U.S. 911, 75 S.Ct. 599, 99 L.Ed. 1246 (1955); *Tri–Cities Newspapers v. Tri–Cities Printing Pressmen,* 427 F.2d 325, 326–27 (5th Cir.1970); *Adams v. Aero Services International, Inc.,* 657 F.Supp. 519 (E.D.Va.1987); *Heatherington v. Allied Van Lines, Inc.,* 194 F.Supp. 6, 7 (W.D.S.C.1961). *See C. Wright, A. Miller, & E. Cooper, supra,* § 3731, at 504–07.[13] Because the removing defendants have not shown that defendants Lynch and TMS consented to or joined in the removal petition, the attempted removal of these actions pursuant to § 1441(b) was done improvidently and without jurisdiction.

### *Conclusion*

Because well-established principles of removal jurisdiction compel this court to determine removability based upon plaintiffs' pleadings, this court is constrained to hold that these actions are not removable under § 1441(c) or (b). Accordingly, 28 U.S.C. § 1447(c) directs the court to remand these actions to state court.

It is therefore required that these actions be remanded to the Court of Common Pleas for Darlington County, and that all pleadings filed be made a part of these cases on remand. However, the court finds that it would be inappropriate to award plaintiffs' costs for improvident removal. A certified copy of this Order is to be mailed by the Clerk of this Court to the Clerk of the Court of Common Pleas for Darlington County, South Carolina.

IT IS SO ORDERED.

---

12. Curiously, the JM Family defendants argue that this court should allow removal of the purported separate and independent claims and, as a consequence, also retain jurisdiction over both actions due to the "close ties" between all of the JM Family defendants. This very assertion, however, has been deemed a compelling argument against the alleged claimed right of removal—by admitting, "that the matter does not present, insofar as the removing defendants are concerned, a separate and completely independent claim or cause of action." *South Car-*

*olina Electric & Gas Co. v. Aetna Insurance Co.,* 114 F.Supp. 79, 82 (D.S.C.1953).

13. Exceptions to this requirement exist where: (1) removal is appropriate under § 1441(c); (2) the non-joining defendants have not been served with process at the time the removal petition was filed; or (3) those defendants which did not sign are merely nominal or formal. *C. Wright, A. Miller, & E. Cooper, supra,* § 3731, at 507–09. The JM Family defendants have not met their burden of showing that any of these exceptions are implicated on the present facts.