Phillip FIELDS and Tracy Williams, Individually and on behalf of all others similarly situated, Plaintiffs–Appellees,

v.

Barbara BLUM, as Commissioner of the State of New York Department of Social Services, Defendant–Appellant,

and

Stanley Brezenoff, as Commissioner of the City of New York Department of Social Services, Defendant.

No. 1262, Docket 80–7234.

United States Court of Appeals, Second Circuit.

Argued June 11, 1980.

Decided Aug. 25, 1980.

Ian F. Feldman, The Legal Aid Soc., New York City (David Goldfarb, Stuart Miller, John E. Kirklin, Director of Litigation Civil Appeals & Law Reform Unit, The Legal Aid Soc., New York City, of counsel), for plaintiffs–appellees.

Marion R. Buchbinder, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen., State of New York, George D. Zuckerman, Asst. Sol. Gen., New York City, of counsel), for defendant–appellant.

Before LUMBARD and MANSFIELD, Circuit Judges, and MEHRTENS, District Judge.*

LUMBARD, Circuit Judge:

The Commissioner of New York's Department of Social Services appeals from a preliminary injunction entered by the District Court for the Southern District, Motley, J., prohibiting the Commissioner of Social Services of the City of New York from reducing the welfare benefits of Phillip Fields and Tracy Williams, and those of their families. Fields and Williams are the named plaintiffs in a class action for a declaratory judgment seeking to end the State's practice of allowing administrative appeals in welfare cases to be decided by a designee of the Commissioner who has not read or heard the complete transcript of the hearings in such cases. In light of our holding today in *Yaretsky v. Blum*, 629 F.2d 817 (2nd Cir.) we vacate the injunction and remand with instructions to dismiss the complaint for lack of jurisdiction.

Fields, Williams and their families received welfare benefits paid by the City Commissioner, in part out of funds provided by New York State. In separate agency actions in the spring of 1979, Fields and Williams were notified of the City Commissioner's intention to terminate Fields' benefits and reduce Williams'. Both took advantage of their right to a statutory fair hearing conducted by a state hearing officer. In Fields' case the hearing officer recommended approval of the agency decision, and the State Commissioner's designee agreed. Fields' benefits were terminated on September 7, 1979. The hearing officer in Williams' case recommended reversal of the agency decision, but the State Commissioner's designate reversed him and Williams' benefits were reduced on September 14, 1979. Subsequently this class action was filed.

---

* Pursuant to § 0.14 of the Rules of this Court, this appeal is being determined by Judges Lumbard and Mansfield, who are in agreement on this opinion. Judge Mehrtens, Senior District Judge for the Southern District of Florida who was designated to sit on this case and who heard the argument, unfortunately died on July 16, 1980. Although he concurred in the disposition of this case, prior to his death he did not have the opportunity to see this opinion.

Appellees make a threshold argument that this appeal is not properly before us because the injunction runs only against the City Commissioner, and it is the State Commissioner—not joined by the City Commissioner—who took an appeal from the district court's order. Appellees rely on our decision in *Holley v. Lavine*, 605 F.2d 638, 644 (2d Cir. 1979), in which we recognized (in the course of deciding whether or not the Eleventh Amendment barred a money judgment against a county because the State would pay, in part, the amount of the judgment) that the county had a legally enforceable independent duty to provide public assistance, regardless of State reimbursement. Thus, appellees argue, appellants in this case have no "appealable interest", because the City can and will pay Fields' and Williams' benefits on its own, with no effect on the state fisc. Appellants seek to distinguish *Holley v. Lavine* by arguing that subsequent amendments to New York's Social Services Law, Ch. 77, § 1 of the Laws of 1977; ch. 473, § 3 of the Laws of 1978, codified at New York Social Services Law § 131(11)(ii) (McKinney's 1979), make State reimbursement mandatory when state subdivisions make welfare payments under court order, and thus that an appealable interest exists on the State's behalf.

The amended provision reads as follows: 11. Social services officials are hereby authorized to furnish assistance which duplicates assistance already granted, but, unless otherwise specifically required by the provisions of title eight of article five of this chapter, (i) in no event shall such officials be required to furnish such assistance and (ii) in no event shall state reimbursement be available for such expenditures, provided, however, that any payment required by a court of competent jurisdiction shall be subject to state reimbursement.

The Eleventh Amendment analysis developed in *Holley v. Lavine* is not controlling in this context. *Holley v. Lavine* rested on the view that although the State might eventually bear 25% of the burden imposed by a judgment against the county, the

county could not claim, derivatively, the State's Eleventh Amendment immunity. The question in this case is very different. A one-quarter share of the judgment would certainly give the State an appealable interest.

We find that the State has standing to appeal. This conclusion is supported by three factors: first, and most important, the State pays 25% of the assistance payments, *see Holley v. Lavine, supra,* at 644; second, the State conducts the hearings complained of and controls the policies of the county officials; and third, the State is obligated by N.Y. Soc. Serv. Law § 131(11)(ii) to reimburse the county—here New York County—for any court-imposed payment.

Reaching the merits of this appeal, we note that our decision in *Yaretsky v. Blum, supra,* forecloses any argument that federal constitutional or state law prohibits the administrative practice challenged in this case. Because no substantial question is thus raised, the District Court lacks jurisdiction over the case under the rule of *Hagans v. Lavine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). Unlike the complaint in *Yaretsky,* however, the complaint in this case alleged that the State's administrative practice violated federal statute and regulations. But such an allegation is not alone sufficient to support federal jurisdiction based on 28 U.S.C. § 1343(3), which was the only basis for jurisdiction alleged in this case. *Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979). *Cf. Maine v. Thiboutot,* —— U.S. ——, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980) (such a claim is jurisdictional in a 42 U.S.C. § 1983 case where the requirements of 28 U.S.C. § 1331(a) can be met).

Vacated with instructions to dismiss the complaint for lack of jurisdiction.