**Evelyn DAVIS, Plaintiff–Appellant,**

v.

**Chong M. PAK; Ralph G. Cantrell; Diane E. France, in their official & individual capacities, Defendants–Appellees.**

No. 88–3039.

United States Court of Appeals, Fourth Circuit.

Argued July 27, 1988.

Decided Sept. 13, 1988.

Gerald Thomas Zerkin (Gerald T. Zerkin & Associates, Richmond, Va., on brief) for plaintiff-appellant.

Cleo Elaine Powell, Sr. Asst. Atty. Gen., Susan Troia Ferguson, Asst. Atty. Gen. (Mary Sue Terry, Atty. Gen., Walter A. McFarlane, Deputy Atty. Gen., Richmond, Va., on brief), for defendants-appellees.

Before RUSSELL, WIDENER, and HALL, Circuit Judges.

K.K. HALL, Circuit Judge:

Evelyn Davis, plaintiff in a civil action alleging deprivation of constitutional due process pursuant to 42 U.S.C. § 1983, appeals the order of the district court grant-

ing summary judgment in favor of defendant Chong Pak, and granting the motions to dismiss of defendants, Ralph Cantrell and Diane France. The district court concluded it could not hear the claims against the defendants because the Eleventh Amendment precluded jurisdiction in federal court. In the alternative, the district court found that Davis' due process claim was without merit. Although on different reasoning, we affirm the district court's dismissal of Davis' claims.

## I.

Davis was fired from her position as a supervisor with the Virginia Employment Commission ("VEC") for falsifying her time sheet on twelve separate occasions and for coercing fellow employees, on four occasions, not to report her. Each of these offenses is categorized by the Employee Standards of Conduct, followed by VEC, as Group III offenses. Group III offenses are those of "such serious nature that a first occurrence should normally warrant removal." Commonwealth of Virginia Department of Personnel & Training, Standards of Conduct, 8–9 (1985) [hereinafter cited as "Standards of Conduct"]. Before she was fired, VEC confronted Davis with the charges against her and she was given the opportunity to rebut them. After two meetings with VEC's management, the charges against Davis were reduced, but she was terminated nonetheless.

Davis grieved her firing and her grievance was eventually heard by an impartial three member arbitration panel. The panel determined that Davis had in fact committed sixteen Group III offenses, but that mitigating circumstances made the normal punishment of termination too severe. Instead, the panel determined that she should be reinstated without back pay. The panel went on to say:

> In addition, and recognizing it is without authority to rule that Ms. Davis be trans-

ferred or demoted in grade[,] it is the Recommendation of the Panel that Evelyn R. Davis be both transferred from [her] Unit and demoted to a grade below supervisor.

Pursuant to his statutory duty, Defendant Pak, Director of the Department of Personnel and Training for the Commonwealth of Virginia, reviewed the panel's decision and found it to be consistent with the law and written policy of the Commonwealth. *Va. Code* § 2.1–114.5:6(7) (1987). Pak agreed that the panel was without authority to order Davis' demotion and transfer, but he informed VEC it was free to implement the panel's suggestion. VEC followed the recommendation and notified Davis that she had been reinstated, but would be transferred to a different unit and reclassified to a non-supervisory position.

Davis immediately appealed VEC's action to Pak. She argued that under the Commonwealth's Standards of Conduct, she could lawfully be suspended without pay, transferred, or demoted, but not all three.[1] She charged that the panel had done all three and by doing so, had abused its authority. Pak denied her appeal, noting that the panel had reinstated her, not suspended her, and that the panel's recommendation as to her transfer and demotion was nothing more than a nonbinding suggestion to VEC. Following this decision, Davis chose not to return to work and was subsequently terminated by the VEC as a voluntary quit.

Davis alleged in her subsequently filed 42 U.S.C. § 1983 action that Pak exceeded his authority in approving a punishment which was in excess of that mandated by the Virginia Standards of Conduct. She further maintained that Cantrell, as Commissioner of VEC, and France, as its Employee Relations manager, unlawfully failed to promote her to the highest non-supervisory position available. Taken together, according to Davis, these actions de-

---

1. The pertinent regulation reads:
   C.(1.) ... Discipline shall normally take the form of the notice and removal or notice and up to 30 workdays maximum suspension without pay in lieu of removal.

NOTE: Mitigating circumstances may justify the use of demotion or transfer as an alternative to removal. Standards of Conduct 9.

prived her of the property interest in her job without due process of law.

In dismissing Davis' claims, the district court concluded that it was deprived of jurisdiction by the Eleventh Amendment. The court reasoned that Davis was suing the three Virginia employees in their official capacities, and consequently, she was in effect suing the Commonwealth. Thus, her suit was proscribed in federal court by Virginia's sovereign immunity. The district court went on to address Davis' constitutional claim on the merits and determined she had received all the process due her. Accordingly, the court dismissed Davis' claims at the pleading stage. This appeal followed.

## II.

On appeal, we must dismiss Davis' case because we conclude that the district court was without subject matter jurisdiction.

It is axiomatic that the federal courts are courts of limited jurisdiction. The importance of this principle is difficult to overemphasize in our federal system. This Court has repeatedly upheld the integrity of this concept and has recognized that "the burden is on the party asserting the jurisdiction of the court to show that jurisdiction does, in fact, exist." *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 63–64 (4th Cir.1988) (quoting *Bowman v. White*, 388 F.2d 756 (4th Cir.1968)). Furthermore, it is always incumbent upon a federal court to evaluate its jurisdiction *sua sponte*, to ensure that it does not decide controversies beyond its authority. *Johnson v. Town of Elizabethtown*, 800 F.2d 404, 407, n. 2 (4th Cir.1986). Consequently, the fact that neither the parties nor the district court questioned the district court's subject matter jurisdiction does not preclude our jurisdictional examination here.

Davis brings her due process claims under 42 U.S.C. § 1983 which provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

However, 42 U.S.C. § 1983 does not, in-and-of-itself vest this court with jurisdiction. Davis relies on 28 U.S.C. § 1343(a)(3) to establish this court's authority to hear her complaints:

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: (3) to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.[2]

It is not sufficient to obtain jurisdiction under 28 U.S.C. § 1343(a)(3), to merely assert a constitutional violation. *Doe v. Klein*, 599 F.2d 338, 340 (9th Cir.1979). Federal jurisdiction requires that a party assert a substantial federal claim. *Hagans v. Lavine*, 415 U.S. 528, 536, 94 S.Ct. 1372, 1378, 39 L.Ed.2d 577 (1974).

In *Hagans, supra*, a plaintiff attempted to evoke federal jurisdiction under 28 U.S.C. § 1343(a)(3). *Id.* at 532, 94 S.Ct. at 1376. Although the Supreme Court ultimately found the plaintiff's constitutional claim substantial and retained jurisdiction of the case, the Court noted:

Over the years, this court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and insubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or

---

**2.** Davis also relies on 28 U.S.C. § 1331 for jurisdiction. However, since she asserts only the due process violation as the basis of jurisdiction, the jurisdictional analysis under both statutes is the same.

no longer open to discussion'. *Id.* at 536–37, 94 S.Ct. at 1378–79 (*citations omitted*).

While emphasizing that this insubstantiality threshold is a difficult one to meet, the Court concluded that the substantiality doctrine "remains the federal rule and needs no reexamination here." *Id.* at 538, 94 S.Ct. at 1379.

The *Hagans* court made clear that dismissal for insubstantiality is appropriate only where the proffered claim is truly frivolous. Cases which are doubtful on the merits, even those which cannot survive a Fed.R.Civ.P. 12(b)(6) motion for failure to state a claim, still are substantial enough to support federal jurisdiction.[3] *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). Nevertheless, *Hagans* stands for the proposition that federal courts are without jurisdiction to hear frivolous constitutional claims. *See also Fields v. Blum*, 629 F.2d 825 (2d Cir.1980); *Doe v. Klein, supra; Randall v. Goldmark*, 495 F.2d 356 (1st Cir.1974) *cert. denied* 419 U.S. 879, 95 S.Ct. 144, 42 L.Ed. 2d 119 (1974); *Sullivan Outdoor Advertising v. Dept. of Transportation*, 420 F.Supp. 815 (N.D.Ill.1976); *McIlhenny v. American Title Ins. Co.* 418 F.Supp. 364 (E.D.Pa.1976).

The doctrine of substantiality is especially important where a wholly frivolous federal claim serves as a pretext to allow a state law issue, the real focus of the claim, to be litigated in the federal system. The importance of the substantiality doctrine lies in the difference between dismissing a weak federal claim via Fed.R.Civ.P. 12(b)(6) or in dismissing it for lack of jurisdiction. If a court disposes of the claim on the merits, it retains the power to decide any attendant state law issues or pendent state law claims. If the federal claim is found insubstantial, however, the court is also without jurisdiction to decide any state issues or claims and they must be resolved in state court. The Federal courts must, therefore, guard against the litigant who frames a pretextual federal issue solely for the purpose of having a state law claim adjudicated in the federal system.[4] An informed sense of comity cautions against the federal courts taking such cases and Article III of the Constitution forbids it.

■ In applying these principles to the case at hand, it is apparent that Davis' due process claim does not rise to substantiality. The essence of due process is notice of the charges and an opportunity to be heard. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985). The undisputed facts of this case reveal that Davis was given an opportunity to respond to the charges against her before her termination. Further, after her termination, she received a full hearing before an impartial panel, which resulted in her reinstatement. When VEC eventually decided to transfer and demote her, she could have availed herself of the same grievance procedures that had reinstated her, but she did not. Moreover, as the district court pointed out, Davis could have sued in state court, under *Va. Code* § 2.1–114.5:1F, to have the grievance panel's original decision enforced. This was the appropriate judicial vehicle to test the validity of VEC's transfer and demote decision. *See Ettare v. Stewart*, Civ.Act. No. 86–0708–R (E.D.Va.1988) [available on WESTLAW, 1987 WL 49143]. Finally, Davis did appeal VEC's decision directly to Pak. Thus, any claims that the procedures provided by Virginia are constitutionally de-

---

**3.** A recent decision of this court echoes this view. In *Goldsmith, supra*, Goldsmith, a former city official, alleged that the city ordinance, which abolished her position, had deprived her of her job without due process. 845 F.2d 61, 63 (1988). In finding this claim insubstantial and dismissing the case for lack of jurisdiction, we cautioned that jurisdiction is wanting where a claim "is obviously without merit or because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy." *Id.* at 64 (*citations omitted*); *see also Crosby by Crosby v. Holsinger*, 816 F.2d 162, 163 (4th Cir.1987).

**4.** The Supreme Court also has cautioned that "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous", the federal courts do not have subject matter jurisdiction. *Bell, supra*, 327 U.S. at 682–83, 66 S.Ct. at 776 (1946).

fective, i.e. that she was not given an opportunity to be heard, are blatantly insubstantial. This conclusion is buttressed by this Court's previous decision that Virginia's employment procedures pass constitutional muster. *Detweiler v. Virginia Dept. of Rehabilitative Services*, 705 F.2d 557 (4th Cir.1983).

Finally, Davis' contention that Pak's legal interpretation of the Standards of Conduct, taken by itself, deprived her of property without due process is totally frivolous. Pak's interpretation came as part of a constitutionally adequate grievance procedure and, as stated above, it could have been tested within the grievance process. Davis' claim that any attempt to challenge Pak's decision would have been futile is particularly specious in light of her prior success in grieving her termination. Thus, the conclusion that Davis received all the process due her is unimpeachable.

### III.

Stripped of the frivolous due process claim, the crux of Davis' claim is revealed—that VEC violated its own Standards of Conduct in handling her grievance. This may be a colorable claim. However, Davis is a Virginia resident, suing Virginia Commonwealth employees, over an interpretation of Virginia law. Even if the Standards of Conduct were violated by VEC, an issue we do not decide, it is clear that there was no corresponding constitutional due process violation. The due process claim is a mere pretext to air this state law claim in federal court. This is just the type of case that the federal courts must take care not to hear, for the Constitution does not contemplate the federal judiciary deciding state law issues among non-diverse litigants. Thus, because Davis' constitutional claim is insubstantial, the district court lacked subject matter jurisdiction over this corresponding state law issue. Therefore, although we arrive at the same result through different reasoning, we affirm the district court's dismissal of Davis' claims.

AFFIRMED.