**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1735

DAVID A. GARRAGHTY,

Plaintiff - Appellant,

versus

VIRGINIA RETIREMENT SYSTEM, Commonwealth of
Virginia; W. FORREST MATTHEWS, JR., Director
of the Virginia Retirement System in his
Official and Individual Capacity; PAUL W.
TIMMRECK, Board Member of the Virginia
Retirement System in his Official and
Individual Capacity; ALFONSO I. SAMPER, Board
Member of the Virginia Retirement System in
his Official and Individual Capacity; EDWIN T.
BURTON, Ph.D., Board Member of the Virginia
Retirement System in his Official and
Individual Capacity; J. DOUGLAS CONWAY, JR.,
Board Member of the Virginia Retirement System
in his Official and Individual Capacity;
JUDITH EWELL, Ph.D., Board Member of the
Virginia Retirement System in her Official and
Individual Capacity; PALMER P. GARSON, Board
Member of the Virginia Retirement System in
his Official and Individual Capacity; VERNARD
W. HENLEY, Board Member of the Virginia
Retirement System in his Official and
Individual Capacity; VIRGINIA DEPARTMENT OF
CORRECTIONS, Commonwealth of Virginia; GENE M.
JOHNSON, Director of the Virginia Department
of Corrections, in his Official and Individual
Capacity; JOHN M. ALBERTINE, Ph.D., Board
Member of the Virginia Retirement System in
his Official and Individual Capacity; RAYMOND
B. WALLACE, JR., Board Member of the Virginia
Retirement System in his Official and
Individual Capacity,

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (CA-05-254-3)

---

Argued: May 24, 2006                    Decided: September 5, 2006

---

Before WILKINS, Chief Judge, and WILLIAMS and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** James Broome Thorsen, THORSEN & SCHER, L.L.P., Richmond, Virginia, for Appellant. Brian James Goodman, VIRGINIA RETIREMENT SYSTEM, Richmond, Virginia, for Appellees. **ON BRIEF:** Judith Williams Jagdmann, Attorney General of Virginia, Guy W. Horsley, Jr., Special Assistant Attorney General, Gregory C. Fleming, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

David A. Garraghty appeals a district court order dismissing his complaint under 42 U.S.C.A. § 1983 (West 2003) for lack of subject matter jurisdiction. For the reasons set forth below, we affirm.

I.

Garraghty was an employee with the Virginia Department of Corrections (DOC) from 1972 until December 31, 2002, serving the last ten years as Warden of the Greensville Correction Center in Jarratt, Virginia. During his tenure as Warden, the DOC provided his housing, a vehicle, and other benefits as non-salary perquisites. Anticipating his retirement, Garraghty wrote to the DOC in March 2002 inquiring whether his perquisites would be included in his total creditable compensation--on which his retirement pay would be based--and whether he was eligible to participate in the Virginia Law Enforcement Officers' Retirement System (VaLORS). See Va. Code Ann. §§ 51.1-124.3, 51.1-212(vi) (2005). The DOC replied that his perquisites would not be included in his compensation and that he was not eligible for VaLORS.

Garraghty formally grieved these decisions, claiming that the DOC did not properly forward all of his earnings to the Virginia Retirement System (VRS) and that the decision regarding his ineligibility for VaLORS was arbitrary and capricious. The DOC director denied both grievances. With regard to the perquisites

3

grievance, the director concluded that Garraghty's perquisites were not creditable compensation for retirement purposes and that, in any event, the claimed statutory violation was not grievable. The director denied Garraghty's VaLORS grievance on the basis that it was untimely.

Garraghty appealed to the Department of Employment Dispute Resolution (DEDR), which affirmed the denial of the perquisites grievance. The DEDR determined that the VaLORS grievance was timely but ruled that the complaint was without merit because the DOC properly excluded Garraghty from VaLORS. Garraghty appealed these determinations to the state circuit court in Greensville, which affirmed.

Garraghty then requested final agency determinations from the VRS and the DOC for his benefits claims. The VRS noted that it was longstanding VRS policy to exclude perquisites from creditable compensation and that it did not determine eligibility for VaLORS.[1] The DOC reconfirmed that Garraghty was ineligible for VaLORS.

Believing that both letters were final agency decisions, Garraghty filed suit in the Richmond circuit court, seeking review under the Virginia Administrative Process Act (VAPA), see Va. Code Ann. § 2.2-4026 (2005). The court dismissed, ruling that the

---

[1]In its response to Garraghty, the VRS also noted that in 2003 the Virginia General Assembly had affirmed the VRS policy by excising the provision relating to perquisites from the Virginia Code. See Va. Code Ann. § 51.1-124.3.

4

Greensville court order was final and that the VAPA was "not [the] appropriate forum" for Garraghty's claims. J.A. 71. The Virginia Court of Appeals affirmed, and the Supreme Court of Virginia denied certiorari.

Garraghty subsequently filed this action in federal court, alleging that the VRS and DOC (collectively, "the Commonwealth") violated his procedural due process rights under the Fifth and Fourteenth Amendments by denying him the full retirement compensation he had earned and by refusing to hear the merits of his claims. The Commonwealth moved to dismiss for lack of subject matter jurisdiction, see Fed. R. Civ. P. 12(b)(1), asserting that the action was barred by the Rooker-Feldman doctrine, see D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923), and the doctrine of substantiality. After a hearing, the district court granted the motion.

II.

We review a decision granting a motion to dismiss for lack of subject matter jurisdiction de novo. See Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). It is well established that "[f]ederal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." Goldsmith v. Mayor & City Council of Baltimore, 845 F.2d 61, 63 (4th Cir. 1988) (internal quotation marks omitted).

Consequently, a federal court must dismiss a case whenever it appears that it lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3); Goldsmith, 845 F.2d at 64.

Garraghty claims a deprivation of property without due process, in violation of the Fifth and Fourteenth Amendments. These claims are clearly within the ambit of § 1983; however, the mere existence of a cause of action under § 1983 does not confer subject matter jurisdiction. See Goldsmith, 845 F.2d at 63; see also Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988). To this end, Garraghty relies on 28 U.S.C.A. § 1331 (West 1993), which confers jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

The existence of subject matter jurisdiction depends upon the assertion of a substantial claim. See Hagans v. Lavine, 415 U.S. 528, 536-37 (1974). "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." Id. (internal quotation marks & citations omitted); see Davis, 856 F.2d at 651 (holding that federal courts are precluded from exercising jurisdiction when the only federal claim is obviously meritless). In particular, district courts must guard against litigants who assert a federal claim "as a pretext to allow a state law issue, the real focus of

the claim, to be litigated in the federal system." <u>Davis</u>, 856 F.2d at 651; <u>see</u> <u>Lovern v. Edwards</u>, 190 F.3d 648, 655 (4th Cir. 1999).

We agree with the district court that Garraghty has not asserted a substantial federal claim. Due process requires "notice and opportunity for hearing appropriate to the nature of the case" before an individual can be deprived of a property interest. <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532, 542 (1985) (internal quotation marks omitted). The record amply demonstrates that Garraghty received both. When stripped of the alleged due process violation, it is evident that all Garraghty seeks is federal consideration of a state law issue. Because Garraghty has failed to present a substantial constitutional claim, we affirm the dismissal for lack of subject matter jurisdiction.[2]

### III.

For the reasons set forth above, we affirm.

<u>AFFIRMED</u>

---

[2]Because the doctrine of substantiality sufficiently addresses the issues before us, we do not consider whether the <u>Rooker-Feldman</u> doctrine applies.